UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE MARIE SIMMONS,<br>　　　　　Plaintiff,<br>　　v.<br>T. MISCHEL, et al.,<br>　　　　　Defendants. | Case No. 18-cv-02193-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**<br>Re: Dkt. No. 21 |

Joyce Marie Simmons, a federal prisoner, filed the instant *pro se* civil rights action against prison officials at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"). Dkt. No. 1. On September 14, 2018, the Court ordered the matter served on Defendants. Dkt. No. 14 at 2, 8. The Court denied Ms. Simmons's motions for leave to file a supplemental pleading without prejudice and granted her another opportunity to file a supplemental pleading to correct certain deficiencies. *Id.* at 5–6. Ms. Simmons has filed such a motion, which is now before the Court for an initial screening. Dkt. No. 21. The Court liberally construes this section 1983 complaint as a *Bivens* action for the reasons discussed below.

## I. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

The Court may permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The power to permit supplemental pleadings is discretionary and such pleadings may be authorized upon such terms as are just. *Id.* Supplemental pleading by a plaintiff is optional; claims not filed in a supplemental complaint may be filed in a separate lawsuit. *See Manning v. City of Auburn*, 953 F.2d 1355, 1359–60 (11th Cir. 1992). While leave to permit supplemental pleading is favored, it cannot be used to introduce a new and distinct cause of action. *See Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Leave to file a supplemental pleading therefore may not be granted where the supplemental pleading involves a new and distinct cause of action that should be the subject of a separate suit. *See Neely*, 130 F.3d at 402 (abuse of discretion to allow plaintiffs to supplement complaint after final judgment to attack newly amended statute); *cf. Griffin v. County Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226 (1964) (supplemental pleading proper where new transactions not new cause of action, but merely part of "same old cause of action" originally raised).

## II. DISCUSSION

### A. Nature of the Action

Ms. Simmons's original complaint was styled as an action under 42 U.S.C. § 1983 (Dkt. No. 1), and the Court treated it as such in is initial screening review. Dkt. No. 14. That review was in error, as the complaint challenges the actions of federal employees at FCI-Dublin and not actions under color of state law. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392–97 (1971) (recognizing a private right of action for damages for constitutional violations by federal employees or their agents).

However, the Court will construe Ms. Simmons's complaint as a *Bivens* action, and not as a section 1983 action, consistent with the Ninth Circuit's liberal construction requirements. *See Jackson*, 353 F.3d at 757; *see also Paige v. Geo Group, Oakland Center*, No. 17-cv-06116-HSG

(PR), slip op. at 2 (N.D. Cal. Feb. 27, 2018) (construing section 1983 action as a *Bivens* claim in complaint by *pro se* prisoner); *Lloyd v. Corrections Corp. of America*, 855 F. Supp. 221, 222 (W.D. Tenn. 1994) (same).

To state a *Bivens* claim, a plaintiff must allege that the defendant violated a federal constitutional right while acting under color of federal law. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)). In its initial screening order, the Court determined that Ms. Simmons had adequately stated claims for violations of the First, Eighth, and Fourteenth Amendments. Dkt. No. 14. The same alleged violations are cognizable as *Bivens* claims against the named federal actors for the same reasons such violations would be cognizable as section 1983 claims against state actors. *See Van Strum*, 940 F.3d at 409.

### B. Proposed Supplemental Pleading

Ms. Simmons's motion for leave to file supplemental pleading alleges a new Eighth Amendment claim against Defendant K. Luke for violating her safety by approving use of a prison uniform that did not correspond to Ms. Simmons's security level. Dkt. No. 21. Officer Duke is already a party to this action, which is one of the requirements for joinder under Rule 18(a) of the Federal Rules of Civil Procedure. However, Ms. Simmons's new claim does not appear to relate to any of her existing claims. Moreover, it appears that the proposed supplemental pleading refers to a more recent incident than the matters already raised against Officer Luke, and so it is not based on a "transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." *See* Fed. R. Civ. P. 15(d) (emphasis added). Ms. Simmons does not explain how this new claim relates to any of the claims found cognizable in her original complaint, and the Court cannot discern any relationship.

The Court concludes that the alleged Eighth Amendment safety violation asserted against Officer Luke describes a new and distinct cause of action that should be the subject of a separate action. *See Neely*, 130 F.3d at 402. Ms. Simmons's motion for leave to file a supplemental pleading is therefore denied.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Ms. Simmons's motion for leave to file a supplemental pleading is denied. If she wishes to pursue the claim, she may do so by filing it as a new *Bivens* action.

2. The Court construes the existing complaint as a *Bivens* action. The claims found cognizable under the First, Eighth, and Fourteenth Amendments in the Court's initial screening order (Dkt. No. 14) may proceed as *Bivens* claims against the federal actors. Defendants may file a motion for summary judgment or other dispositive motion according to the current case management scheduled. *See* Dkt. No. 27.

**IT IS SO ORDERED.**

Dated: December 18, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge