UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE MARIE SIMMONS,<br>    Plaintiff,<br>v.<br>T. MISCHEL, et al.,<br>    Defendants. | Case No.18-cv-02193-VKD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br>Re: Dkt. No. 31 |

Defendants moved to dismiss the complaint or, in the alternative, for summary judgment. Dkt. No. 29. In connection with that motion, defendants filed an administrative motion to seal Attachment 11 of the declaration of Jacquelyn Herrera ("the Herrera declaration") pursuant to Civil Local Rule 79-5. Dkt. No. 31. Plaintiff Joyce Simmons did not file a response to defendants' motion to seal.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Defendants' motion to seal concerns matters that are before the Court in connection with

their dispositive motion. The material to be sealed is related to the merits of the case, and the Court therefore applies the "compelling reasons" standard. The material sought to be sealed constitutes Ms. Simmons's medical records, including information not related to the injuries she has asserted in the complaint. The Court finds this to be a compelling reason to seal Attachment 11 to the Herrera declaration and therefore grants defendants' motion.

The Court further notes that defendants' motion to seal did not comply with Civil Local Rule 79-5. Civil Local Rule 79-5(d)(1)(D) requires a movant to file with its administrative motion an unredacted copy of the document sought to be filed under seal. Defendants did not file Attachment 11 on the docket, but rather provided only a physical copy of Attachment 11 to the Court. Defendants are directed to file an unredacted version of Attachment 11 under seal[1] in compliance with Civil Local Rule 79-5(d)(1)(D) by **October 4, 2019**.

**IT IS SO ORDERED.**

Dated: September 27, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Directions for filing documents under seal are available on the Court's website at https://www.cand.uscourts.gov/ecf/underseal.