UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE MARIE SIMMONS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>T. MISCHEL, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-02193-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; SCREENING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 50 |

In this action, pro se plaintiff Joyce Marie Simmons, a federal prisoner confined at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"), filed suit against several prison officials for allegedly violating her constitutional rights.[1] Dkt. No. 1. On defendants' motion for summary judgment, the Court dismissed Ms. Simmons's constitutional claims against the officials for failure to exhaust administrative remedies. Dkt. No. 47. However, the Court granted Ms. Simmons leave to file an amended complaint to attempt to state a claim under the Federal Torts Claim Act ("FTCA"). *Id.*

On October 28, 2019,[2] Ms. Simmons filed an unverified amended complaint with a single claim for damages for personal injury under the FTCA. Dkt. No. 49. In addition to the original defendants, the amended complaint adds the United States as a defendant. *Id.* Before the Court

---

[1] Although Ms. Simmons filed her complaint as an action under 42 U.S.C. § 1983, the Court construed the complaint as an action arising under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Dkt. No. 28 at 2.

[2] *See infra* n.4.

1 had an opportunity to screen Ms. Simmons's amended complaint, defendants moved to dismiss it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or alternatively, for summary judgment pursuant to Rule 56. Dkt. No. 50. Ms. Simmons did not respond to defendants' motion.

For the reasons stated below, the Court grants in part and denies in part defendants' motion to dismiss and for summary judgment. The Court also conducts an initial screening of the amended complaint with respect to the surviving claim.

## I. BACKGROUND

In her amended complaint, Ms. Simmons alleges that on August 15, 2017, defendant Ashley Phillips kicked open her cell door and struck Ms. Simmons, who was seated on the toilet just inside the door at that time, on her right knee. Dkt. No. 49 at 2. Ms. Simmons says that Ms. Phillips knew she was in her cell and seated on the toilet because Ms. Simmons had placed a piece of paper on the door window indicating that the cell was occupied and the toilet was in use. *Id.* Ms. Simmons also says that when she called out that her knee had been struck, Ms. Phillips laughed at her and said, "I don't give a f—k. I have the f—king right to come in whenever I want. Now what about that." *Id.*

Ms. Simmons reported the cell door incident to a case manager and a second shift officer on August 15, 2017, but she did not seek medical attention that day. *Id.* at 2–3. According to Ms. Simmons, no medical attention was available to prisoners on the following day, August 16, 2017. *Id.* at 3. On the morning of August 17, 2017, Ms. Simmons went to the prison's health services department, complaining of pain and swelling in her right knee. *Id.* The medical provider conducted a "cursory examination" but did not obtain an x-ray or MRI of Ms. Simmons's knee. *Id.* The medical provider discharged Ms. Simmons to her unit and advised her to use over-the-counter pain medication and to do knee exercises. *Id.* Ms. Simmons alleges that she has a prior minor knee injury and arthritis, and that these conditions were exacerbated by the injury she sustained on August 15, 2017, for which she says she will "likely require future surgery." *Id.* Ms. Simmons seeks damages of $50,000 for physical injury and emotional distress. *Id.*

On November 30, 2017, Ms. Simmons submitted an administrative tort claim for injury and damages to the Western Regional Office of the Bureau of Prisons, which the Western

2

Regional Office acknowledged by letter dated December 7, 2017. *Id.*, Ex. 1. In her administrative claim, Ms. Simmons recounted the cell door incident that occurred on August 15, 2017. She claimed that her injury was "constant sharp excruciating pain of right knee/leg" and asked for $50,000 in compensation for personal injury. *Id.* The Bureau of Prisons denied Ms. Simmons's claim on February 15, 2018. *Id.*, Ex. 2.

Ms. Simmons filed an action against the individual defendants on April 12, 2018 asserting claims for (1) use of excessive force and failure to protect her from excessive force, in violation of the Eighth Amendment, (2) placement in administrative detention in retaliation for filing a lawsuit, in violation of the First Amendment, and (3) denial of due process of law in connection with her administrative detention, in violation of the Fifth Amendment.[3] Dkt. No. 1. The complaint did not name the United States as a defendant. *Id.* Pursuant to this Court's September 14, 2018 order (Dkt. No. 14), the Clerk of the Court notified the individual defendants about this lawsuit on September 18, 2018. Dkt. Nos. 15, 16, 17, 18, 19, 20. The Federal Bureau of Prisons notified the United States Attorney's Office ("USAO") about this action on October 2, 2018. Dkt. No. 50-2 ¶ 3.

On September 27, 2019, the Court dismissed Ms. Simmons's constitutional claims against the individual defendants because she failed to exhaust her administrative remedies. Dkt. No. 47. However, in view of its obligation to construe pro se pleadings liberally, the Court observed that Ms. Simmons may have intended to state a claim under the FTCA. *Id.* at 13. The Court gave Ms. Simmons 30 days, to file an amended complaint that stated an FTCA claim. *Id.* at 14. It appears that the amended complaint was timely filed.[4] Dkt. No. 49. Before the Court had an opportunity

---

[3] Ms. Simmons relied on the Fourteenth Amendment, which applies only to the states. The Court construed this claim as a claim for violation of the Fifth Amendment, which applies to the federal government. Dkt. No. 47 at 1 n.1.

[4] The amended complaint was due no later than October 27, 2019. Although the amended complaint was docketed on October 30, 2019 (Dkt. No. 49), the envelope in which it was mailed to the Court bears a stamped file date of October 28, 2019. Dkt. No. 49-2. Ms. Simmons is entitled to the benefit of a relaxed filing rule which allows civil filings by pro se prisoners to be deemed filed on the date the prisoner submits the filing to prison authorities for mailing to the Court, as opposed to the date the Court receives the filing. *See Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir. 1993). Ms. Simmons must have submitted the amended complaint to prison authorities for mailing no later than October 27, 2019, for the Court to have received it on October

3

1 to screen the amended complaint under 28 U.S.C. § 1915A(a), defendants moved to dismiss the
2 amended complaint. Dkt. No. 50.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(1)

Federal courts have limited jurisdiction to adjudicate only cases involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v.*

---

28, 2019.

4

*Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The Supreme Court has determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

### B. Summary Judgment under Rule 56

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when, after adequate discovery, there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *S. Calif. Gas. Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may discharge its burden of production either (1) by "produc[ing] evidence negating an essential element of the nonmoving party's case" or (2) after suitable discovery, by "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to discharge its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000); *see also Celotex*, 477 U.S. at 324–25.

5

Once the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250. "A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Anderson*, 477 U.S. at 254. "Instead, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (citations and quotations omitted). The non-moving party must produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of material fact to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

### III. DISCUSSION

Defendants make two arguments. First, they argue that because the United States is the only proper defendant in an FTCA action, Ms. Simmons may not assert an FTCA claim against the individual defendants. Dkt. No. 50 at 5–6. Second, they argue that Ms. Simmons's FTCA claim against the United States is barred by the statute of limitations. *Id.* at 6–9. Defendants rely on evidence outside the amended complaint, making a factual challenge to subject matter jurisdiction under Rule 12(b)(1). Relying on the same evidence, defendants also argue that Ms. Simmons's FTCA claim is time-barred as a matter of law under Rule 56.

The Court addresses each of defendants' arguments.

#### A. Proper Defendant for the FTCA Claim

The FTCA waives the sovereign immunity of the United States and provides a remedy for acts or omissions by federal employees that constitute torts under state law. *See* 28 U.S.C. § 1346; *FDIC v. Meyer*, 510 U.S. 471, 475–76 (1994).

In her amended complaint, Ms. Simmons names the United States and six individual federal employees as defendants, asserting that they were "acting in their official capacity as employees of the United States Federal Government." Dkt. No. 49 at 1–2. It is well-established

that the United States, not individual federal employees, is the only proper defendant for an FTCA claim. *See Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (citing 28 U.S.C. §§ 1346(b), 2679(a)). As the individual federal employees are not proper defendants, the Court grants defendants' motion to dismiss them from the action.

### B. Timeliness of the FTCA Claim

Before seeking relief under the FTCA, a plaintiff must first file an administrative FTCA claim with the appropriate federal agency. 28 U.S.C. § 2675(a); *Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008, 1018–19 (9th Cir. 2007); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). If that agency denies the administrative FTCA claim, the plaintiff may seek relief in federal court by filing an action no later than six months from the date the agency's denial was mailed via certified or registered mail. 28 U.S.C. § 2401(b). The six-month limitation period begins running as soon as the agency mails its notice of denial. *See Redlin v. United States*, 921 F.3d 1133, 1139 (9th Cir. 2019).

The Western Regional Office of the Bureau of Prisons mailed its denial of Ms. Simmons's administrative tort claim on February 15, 2018 via certified mail.[5] Dkt. No. 49 at 8. Ms. Simmons was required to file suit within six months from that date—i.e., by August 15, 2018. 28 U.S.C. § 2401(b). Although Ms. Simmons filed this action on April 12, 2018 within the six-month limitation period, she did not specifically assert an FTCA claim or name the United States as a defendant at that time. She did not do so until she filed an amended complaint on October 28, 2019, well after the expiration of the six-month limitation period. Dkt. Nos. 1, 49.

Ms. Simmons's FTCA claim against the United States was not filed within six months of mailing of the notice of denial, a finding that Ms. Simmons does not contest. Accordingly, unless Ms. Simmons's delay is excused or overcome, the claim must be dismissed.

### C. Application of Equitable Tolling Doctrine

As defendants acknowledge, the six-month limitation period for filing an FTCA claim is

---

[5] The United States relies on a notation on the face of the denial letter as evidence that the denial was mailed by certified mail, but provides no other supporting evidence, such as a certified mail receipt. However, Ms. Simmons appears not to dispute that the denial was mailed via certified mail on February 15, 2018. Dkt. No. 1 at 13.

7

not jurisdictional and is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 412, 419 (2015). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstances stood in her way. *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012).

Ms. Simmons has made no such showing here. As defendants point out, the letter denying her administrative FTCA claim specifically advised that her federal district court claim would need to be filed within six months. Dkt. No. 49 at 8. Although Ms. Simmons referred to her administrative FTCA claim in her original complaint in describing her efforts to exhaust administrative remedies, she did not include a claim under the FTCA in that complaint or name the United States as a defendant. Dkt. No. 1 at ECF p.13. She provides no justification for her delay and identifies no extraordinary circumstances that would support application of the equitable tolling doctrine. *See Redlin v. United States*, 921 F.3d 1133, 1140–41 (9th Cir. 2019) (affirming district court's denial of equitable tolling).

Accordingly, the Court concludes that the time limit for Ms. Simmons's FTCA claim was not equitably tolled.

### D. Application of Rule 15(c) Relation Back Doctrine

Defendants acknowledge that an amendment that adds an otherwise time-barred claim and/or a claim against a new party may "relate back" to an earlier filed complaint if the amended pleading meets the requirements of Rule 15(c). Dkt. No. 50 at 6.

Rule 15(c)(1)(B) provides that an amendment that asserts a new claim relates back to the original pleading if the new claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Defendants do not dispute that the FTCA claim in the amended complaint arises out of the same circumstances and events set out in the original complaint—specifically, Ms. Philips's striking Ms. Simmons's knee with the cell door. Dkt. No. 1 at 8; Dkt. No. 49 at 2.

Rule 15(c)(1)(C) provides an amendment that adds or changes a party "relates back" to the

8

original pleading if, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii); *G.F. Co. v. Pan Ocean Shipping Co*., 23 F.3d 1498, 1501 (9th Cir. 1994) (Rule 15(c)(1)(C) allows a plaintiff to amend a complaint, "after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run"). Defendants contend that the United States did not receive the notice required under Rule 15(c)(1)(C) because it was not aware that Ms. Simmons intended to state a claim for relief under the FTCA or that it was the proper defendant for such a claim. Dkt. No. 50 at 7. Defendants move to dismiss the amended complaint on this basis.

Defendants do not acknowledge that an alternative notice provision also applies when an amended pleading adds the United States as a defendant. Rule 15(c)(2) provides that "[w]hen the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period [i.e. 'within the period provided by Rule 4(m) for serving the summons and complaint'], process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2); *see Miles v. Dep't of the Army*, 881 F.2d 777, 781 (9th Cir. 1989) (distinguishing between the general notice provision of Rule 15(c)(1)(C) and the government notice provision of 15(c)(2)).

To satisfy the notice requirements of Rule 15(c)(2), Ms. Simmons must demonstrate that the United States Attorney or Attorney General of the United States received "process" within the period of service allowed under Rule 4(m). Fed. R. Civ. P. 15(c)(2). Under Rule 4(m), a complaint must be served within 90 days unless the Court extends the period of service. Fed. R. Civ. P. 4(m). In *Miles*, the Ninth Circuit held that this notice requirement is satisfied if the United States Attorney receives notice of the original pleading and that formal service of process is not required. *Miles*, 881 F.2d at 782–83 (finding notice requirement met where federal agency mailed complaint to the United States Attorney).

In this case, Ms. Simmons filed her original complaint on April 12, 2018, within the six-month limitation period. Because she is a prisoner in federal custody, Ms. Simmons's original complaint was subject to screening under 28 U.S.C. § 1915A(a). In addition, Ms. Simmons successfully applied to proceed *in forma pauperis*, which means she was entitled to rely on the United States Marshal to serve the complaint. 28 U.S.C. § 1915(d); *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (the court must appoint the United States Marshal to effect service, and the Marshal must serve the summons and the complaint upon order of the court), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Accordingly, the original complaint was not subject to service until the Court reviewed the complaint and ordered the Marshal to serve it. The Court completed its review of the complaint and ordered it served on September 14, 2018 (Dkt. No. 14), necessarily extending Rule 4(m)'s period for service beyond 90 days. *See, e.g.*, *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Richardson v. Johnson*, 598 F.3d 734, 739 (11th Cir. 2010); *cf. Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (declining to penalize incarcerated pro se plaintiff proceeding IFP with dismissal for failure to effect service where failure to serve was attributable to the U.S. Marshal or the court clerk's failure to perform their duties); *Walker*, 14 F.3d at 1422 (finding Marshal's failure to effect service is automatically good cause within the meaning of Rule 4(m)). Defendants concede that the United States Attorney received notice of the original complaint on October 2, 2018. Dkt. No. 50-2 ¶ 3.

Because the United States Attorney received notice of Ms. Simmons's original complaint within the period of time allowed by Rule 4(m), as extended by the Court, and because Ms. Simmons filed the original complaint within the six-month limitation period, the amended complaint satisfies the notice requirements of Rule 15(c)(2) and relates back to the original complaint. Defendants' motion to dismiss is denied on this point.

The Court will proceed with a review of the amended complaint as required under 28 U.S.C. § 1915A.

**IV.    SCREENING OF AMENDED COMPLAINT UNDER § 1915A**

    **A.    Standard of Review**

10

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

### B. Legal Claims

The FTCA, 28 U.S.C. §§ 2671-2680, provides that district courts have exclusive jurisdiction over civil actions against the United States for which it has waived sovereign immunity and rendered itself liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Cognizable claims under the FTCA are ones that are: (1) against the United States; (2) for money damages; (3) for injury or loss of property; (4) caused by the negligent or wrongful act or omission of any employee of the government; (5) while acting within the scope of his or her office or employment; (6) under circumstances in which the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). The FTCA expressly bars claims "arising out of" an intentional tort, including assault, battery, false imprisonment, false arrest, and malicious prosecution, among others. 28 U.S.C. § 2680(h).

Under a section titled, "claim for damages for personal injury – negligence" in her

11

amended complaint, Ms. Simmons alleges that on August 15, 2017, defendant Ashley Phillips kicked open her cell door and struck Ms. Simmons, who was seated on the toilet just inside the door at that time. Dkt. No. 49 at 2. Ms. Simmons says that "Ms. Phillips was fully aware that plaintiff was in her cell and seated on the toilet on account of plaintiff had placed a piece of paper on the door window indicating that the cell was occupied and the toilet was in use." *Id.* Ms. Simmons also says that when she called out that her knee had been struck, Ms. Phillips laughed at her and said, "I don't give a f—k. I have the f—king right to come in whenever I want. Now what about that," which "led to emotional and physical distress." *Id.* Ms. Simmons states that "Ms. Phillips negligently failed to assist plaintiff or ask if plaintiff needed medical attention," and that she "negligently failed to knock and/or announce herself before forcibly kicking the door into plaintiff[']s right knee." *Id.* Ms. Simmons seeks damages of $50,000 for physical injury and emotional distress. *Id.* at 3.

Although Ms. Simmons refers to her claim as based on "negligence,"[6] her factual allegations regarding Ms. Phillips implicate the intentional torts exception bar under 28 U.S.C. § 2680(h). In determining whether a claim "arises out of" one of the enumerated torts, the court may look beyond a plaintiff's classification of the cause of action to examine whether the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h). *See Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996) (citing *Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir. 1990) ("[W]e look beyond [the complaint's] characterization [of the cause of action] to the conduct on which the claim is based."); *Thomas–Lazear v. Federal Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("This circuit looks beyond the labels used to determine whether a proposed claim is barred [by the intentional torts exception]").) The court must consider whether conduct that constitutes an enumerated tort is "essential" to the plaintiff's claim. *See, e.g.*, *Mt. Homes, Inc.*, 912 F.2d at 356 (holding that plaintiff's claim alleged conduct that falls

---

[6] To state a claim for negligence in California, a plaintiff must establish the following elements: (1) the defendant had a duty, or an "obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks," (2) the defendant breached that duty, (3) that breach proximately caused the plaintiff's injuries, and (4) damages. *Bass v. Facebook, Inc.*, 394 F.Supp.3d 1024, 1038–39 (N.D. Cal. 2019).

12

within the excepted tort of misrepresentation because "the essential element of Mt. Homes' claim is that [the government] gave it inaccurate information").

Ms. Simmons's amended complaint appears to assert a claim for battery. Under California law, battery requires the following elements: (1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the defendant's conduct harmed or offended the plaintiff; and (4) a reasonable person in plaintiff's situation would have been offended by the touching. *Avina v. United States*, 681 F.3d 1127, 1130–31 (9th Cir. 2012). Ms. Simmons specifically alleges that Ms. Phillips was "fully aware" Ms. Simmons was seated on the toilet seat behind the door, that Ms. Phillips "forcibly kick[ed] the door," and that Ms. Phillips's actions caused injury to her knee.[7] Dkt. No. 49 at 2. According to the amended complaint, Ms. Simmons did not consent to the touching, and a reasonable person in her situation would have found the touching offensive. Accordingly, the Court finds that the conduct Ms. Simmons alleges falls within the excepted tort of battery because the essential element of her claim is that Ms. Phillips intentionally harmed her. *See Mt. Homes, Inc.*, 912 F.2d at 356. To the extent Ms. Simmons's FTCA claim is premised on Ms. Phillips's conduct, the claim is barred under § 2680(h).

Ms. Simmons also alleges that Unit Manager Kimberly Luke observed a heated interaction between Ms. Simmons and Ms. Phillips that occurred just prior to the alleged battery "but failed to intercede [in that interaction] and denied plaintiff the opportunity to speak with her about this abusive treatment of Ms. Phillips." Dkt. No. 50 at 2. She also claims that Ms. Luke along with Captain Gordon Castillo and Associate Warden Tamara Mischel, were "aware of the prison conditions that were substantially likely to result in the injury of prisoners . . . [and were] under a duty to take reasonable measures to remedy the circumstances that directly led to plaintiff [sic] physical, mental, and emotional injuries/distress." *Id.* at 3.

---

[7] The Court also notes that Ms. Simmons's recent characterization of Ms. Phillips's actions as negligent is not consistent with the allegations in the original complaint, wherein she claimed that Ms. Phillip "employed excessive force" because she "used the door 'maliciously and sadistically' for the very purpose of causing me harm.'" Dkt. No. 1 at 8. However, this inconsistency alone is not sufficient to warrant dismissal at the screening stage. *See Shirley v. Univ. of Idaho, College of Law*, 800 F.3d 1193, 1194 (9th Cir. 2015).

13

Ms. Simmons does not identify the prison conditions likely to result in injury to prisoners or the measures she believes Ms. Luke, Mr. Castillo, and Ms. Mischel should have taken to prevent the alleged battery by Ms. Phillips. However, at the screening stage, the allegations of the amended complaint are sufficient to state a claim that the negligence of Ms. Phillips's direct and indirect supervisors proximately caused the alleged battery by Ms. Phillips. The Ninth Circuit has concluded that § 2680(h) does not bar such a claim. *See Morrill v. United States*, 821 F.2d 1426, 1427 (9th Cir. 1987); *Kearney v. United States*, 815 F.2d 535, 537 (9th Cir. 1987); *Bennett v. United States*, 803 F.2d 1502, 1503 (9th Cir. 1986); *see also Senger v. United States*, 103 F.3d 1437, 1442 (9th Cir. 1996) (*Morrill* still good law with respect to claim of negligent supervision).[8]

Accordingly, Ms. Simmons's supervisory negligence claim under the FTCA may proceed against the United States.

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and for summary judgment is granted in part and denied in part. Dkt. No. 50. Ms. Simmons's FTCA claim against defendants Tamara Mischel, Kimberly Luke, Ashley Phillips, Gordon Castillo, Timothy Brosnan, and W.Z. Jenkins is dismissed with prejudice for failure to state a claim for relief against those individual defendants. Ms. Simmons's FTCA claim against the United States for supervisory negligence relating to the alleged battery by Ms. Phillips may proceed, and defendants' motion is denied as to this claim.

In view of Ms. Simmons's failure to respond to defendants' motion, the Court questions whether she intends to prosecute the surviving FTCA claim against the United States. Therefore, before the Court proceeds to order further proceedings in this action, it will require Ms. Simmons to file a notice of her intent to prosecute this action.

**No later than twenty-eight (28) days from the date this order is filed**, Ms. Simmons shall file notice of her intent to proceed with a claim for supervisory negligence against the United

---

[8] The Supreme Court has recognized but not resolved a conflict among the Circuit Courts of Appeals regarding interpretation of the "arising out of" language of § 2680(h) in the circumstances presented here. *See Senger*, 103 F.3d at 1442 (citing *Sheridan v. United States*, 487 U.S. 392, 403 n.8 (1988)).

14

States under the FTCA.

**IT IS SO ORDERED.**

Dated: March 3, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge