UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE MARIE SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>T. MISCHEL, et al.,<br><br>Defendants. | Case No. 18-cv-02193-VKD<br><br>**ORDER REFERRING TO SETTLEMENT PROCEEDINGS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; STAYING CASE**<br><br>Re: Dkt. No. 53 |

In this action, pro se plaintiff Joyce Marie Simmons, a federal prisoner confined at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"), filed suit against several prison officials for allegedly violating her constitutional rights.[1] Dkt. No. 1.

## I. BACKGROUND

With the Court's leave (Dkt. No. 47), Ms. Simmons filed an amended complaint to attempt to state a claim under the Federal Torts Claim Act ("FTCA"). Dkt. No. 49. Defendants moved to dismiss the amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment under Rule 56. Dkt. No. 50. The Court granted in part and denied in part defendants' motion: the Court dismissed the FTCA claim against the individual defendants with prejudice for failure to state a claim for relief, but the Court permitted the claim against the United States for supervisory negligence relating to the alleged battery by a federal employee, Ms. Phillips, to proceed. Dkt. No. 51. Due to Ms.

---

[1] Although Ms. Simmons filed her complaint as an action under 42 U.S.C. § 1983, the Court construed the complaint as an action arising under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Dkt. No. 28 at 2.

1 Simmons's failure to respond to defendants' motion, the Court required her to file notice of her

2 intent to prosecute this action before it ordered further proceedings. *Id.* On March 23, 2020, Ms.

3 Simmons filed notice of her intent to prosecute this action, along with a motion for appointment of

4 counsel. Dkt. Nos. 52, 53.

## II. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate her claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See Rand*, 113 F.3d at 1525.

Ms. Simmons asserts the following grounds for appointment of counsel: she is unable to afford counsel, her imprisonment greatly limits her ability to litigate this matter, the issues involved will require significant research and investigation, she has limited access to the law library and limited knowledge of the law, and she would be better served with counsel if this matter proceeds to trial. Dkt. No. 53. The Court finds that these considerations do not establish that exceptional circumstances warrant appointment of counsel at this time. Ms. Simmons has demonstrated her ability to articulate her claims and pursue this matter without the assistance of counsel, and the issues involved are not so complex that assistance of counsel is necessary to

2

effectively litigate this matter. *See, e.g.*, *Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough). As discussed below, the Court will refer this matter for settlement proceedings. If those proceedings are unsuccessful, Ms. Simmons may renew her request for appointment of counsel. Ms. Simmons's motion for appointment of counsel is denied for lack of exceptional circumstances, without prejudice to renewal. *See Franklin*, 745 F.2d at 1236.

## III. PRO SE SETTLEMENT PROGRAM

The Court has established a Pro Se Prisoner Settlement Program under which certain prisoner civil rights cases may be referred to a neutral Magistrate Judge for settlement. Because the Court concluded that Ms. Simmons has stated a claim under the FTCA for supervisory negligence against the United States, and denied the United States' motion for summary judgment or dismissal for lack of subject matter jurisdiction, the Court finds the instant matter suitable for settlement proceedings. Accordingly, the instant action will be referred to a neutral Magistrate Judge for mediation under the Pro Se Prisoner Settlement Program.

## IV. CONCLUSION

For the reasons stated above, Ms. Simmons's motion for appointment of counsel is denied. Dkt. No. 53. This matter is referred to Judge Robert M. Illman pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on the claims in this action, as described above. The proceedings shall take place **within ninety (90) days** of the filing date of this order, subject to any extensions of time that may be necessary in view of the current public health crisis. *See* General Orders 72 and 73. Judge Illman shall coordinate a time and date for a settlement conference with all interested parties or their representatives and, within ten (10) days after the conclusion of the settlement proceedings, file with the Court a report regarding the prisoner settlement proceedings.

Other than the settlement proceedings ordered herein, and any matters Judge Illman deems necessary to conduct such proceedings, this action is hereby STAYED until further order by the

Court following the resolution of the settlement proceedings.

**IT IS SO ORDERED.**

Dated: March 24, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge