UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE MARIE SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>T. MISCHEL, et al.,<br><br>    Defendants. | Case No. 18-cv-02193-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 66 |

In this action, pro se plaintiff Joyce Marie Simmons, a federal prisoner previously confined at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"),[1] filed suit against several FCI-Dublin prison officials for allegedly violating her constitutional rights. Following several rounds of briefing, one claim remained: Ms. Simmons's claim for damages against the United States for supervisory negligence relating to an alleged battery by defendant Ashley Phillips under the Federal Tort Claims Act ("FTCA"). *See* Dkt. No. 51.

On March 24, 2020, the Court referred the action to Judge Robert M. Illman for a settlement conference, and the parties reached a settlement of the action on July 22, 2020. Dkt. Nos. 55, 62. Thereafter, the parties advised the Court of a disagreement concerning disposition of the United States' settlement payment to Ms. Simmons and whether the United States had fulfilled its obligations under the parties' settlement agreement. Dkt. No. 63. At the Court's direction, the United States filed a motion to dismiss the action based on its position, Ms. Simmons responded, and the United States replied. Dkt. Nos. 66, 68, 69. The Court finds this matter suitable for

---

[1] After initiating this action, Ms. Simmons was released to home confinement for the remainder of her prison term. Dkt. No. 68 at 1.

resolution without oral argument.  Civ. L.R. 7-1(b).

For the reasons explained below, the Court grants the United States' motion to dismiss the action pursuant to the parties' settlement agreement without prejudice, so that Ms. Simmons may exhaust her administrate remedies with respect to an offset of the settlement amount against a debt owed to the United States.

**I.   BACKGROUND**

The parties agreed to settle this action for payment by the United States of $2,500 on July 22, 2020.  Dkt. No. 66-1 ¶ 3.  The parties memorialized their agreement in a settlement agreement that same day.  Dkt. No. 66-2, Ex. A.  The settlement agreement contained the following provision: "Treasury Offset Program: Nothing in this Agreement waives or modifies federal . . . offsets . . . that may apply to this Agreement or the settlement proceeds, and Plaintiff is executing this Agreement without reliance on any representation by Defendant as to the application of any such law." *Id.* at 5.  After receiving the executed settlement agreement, counsel for the United States requested the Judgment Fund wire the settlement proceeds to Ms. Simmons's bank.  Dkt. No. 66-1 ¶ 5.

On August 21, 2020, counsel for the United States learned that the Judgment Fund did not wire the settlement proceeds to Ms. Simmons's bank because they were offset by the U.S. Treasury pursuant to the Treasury Offset Program ("TOP").  *Id.* ¶ 6.  Counsel notified Ms. Simmons of this development and encouraged her to contact the TOP to find out why the offset occurred and how she could challenge it if she wished to do so.  *Id.*

On October 8, 2020, the United States Attorney's Office for the Northern District of Texas advised counsel for the United States that the settlement proceeds were offset pursuant to a criminal restitution order against Ms. Simmons dated October 5, 2009 in Case No. 4:08-cr-00131-A (N.D. Tex.).  *Id.* ¶ 7; Dkt. No. 67 ¶ 3.  Counsel for the United States suggested to Ms. Simmons that if she wished to challenge the offset she should make an administrative claim and then, if necessary, file a motion to challenge the offset in her criminal case in the Northern District of Texas.  Dkt. No. 66-1 ¶ 9.

On October 26, 2020, Ms. Simmons sent a letter to the U.S. Attorney for the Northern

1 District of Texas requesting payment of her settlement proceeds. Dkt. No. 68 at 1; Dkt. No. 67 ¶

2 8. The U.S. Attorney responded by letter dated November 11, 2020, requesting that Ms. Simmons

3 submit a financial statement by November 25, 2020. Dkt. No. 67 ¶¶ 9-10; Dkt. No. 69-1. As of

4 January 7, 2021, Ms. Simmons has not responded to the U.S. Attorney's request for financial

5 information or taken additional steps to challenge the offset. Dkt. No. 69 at 2.

6 The United States contends that it has fulfilled its obligations under the settlement

7 agreement and asks the Court to enforce that agreement and dismiss the action without prejudice.

## II. LEGAL STANDARD

While an action is pending, a district court has the inherent power to summarily enforce a settlement agreement regarding that action. *See In re City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co.*, 22 F.3d 954, 957–58 (9th Cir. 1994). A settlement agreement is governed by principles of state contract law, even where the underlying cause of action is federal. *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (citation omitted); *United Com. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Under California law, contract formation requires (1) parties capable of contracting; (2) the parties' consent; (3) a lawful object; and (4) sufficient cause or consideration. *Lopez v. Charles Schwab & Co.*, 118 Cal. App. 4th 1224, 1230 (2004). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." *Id.* (citing Cal. Civ. Code §§ 1550, 1565).

A settlement agreement in a pending action may be enforced if two requirements are met: (1) both parties must have agreed to the terms of the settlement or authorized their respective counsel to settle the dispute, and (2) it must be a complete agreement. *See Callie v. Near*, 829 F.2d 888, 890–91 (9th Cir. 1987); *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977).

## III. DISCUSSION

The parties do not dispute that their settlement agreement is valid and enforceable. The issue before the Court is whether the United States has complied with the essential terms of the agreement, i.e., paying the agreed settlement amount of $2,500 by electronic fund transfer to the bank account designated by Ms. Simmons, subject to any applicable offsets.

The United States argues that the Court should dismiss this action without prejudice to allow Ms. Simmons to exhaust her administrative remedies with the U.S. Attorney's Office for the Northern District of Texas and, if necessary, file a motion to challenge the offset in her underlying criminal case in that district. Dkt. No. 66 at 2. In opposition, Ms. Simmons makes several arguments. First, she contends that does not recall receiving a notice of offset in October 2009. Dkt. No. 68 at 1. Second, she argues that she should not have to address payment of restitution until she completes her term of imprisonment, which is set to conclude on October 18, 2024, although she is presently serving the remainder of her prison sentence under home confinement. *Id.* Third, Ms. Simmons argues that because she is confined to her home, she is unable to visit the city law library to research her defense to the United States' motion. *Id.* However, she concludes by observing that she is "at peace," whatever the outcome of this case. *Id.* at 2.

The Debt Collection Improvement Act of 1982, 31 U.S.C. §§ 3701 et seq., authorizes the Treasury Department to collect non-tax debts by withholding funds paid out by other federal agencies. 31 U.S.C. § 3716(a); 31 C.F.R. § 285.5(c)(2) (requiring the U.S. Treasury, as the dispersing official under the Treasury Offset Program, to "offset the payment to satisfy, in whole or part, the payee's debt to the extent allowed by law"); *see generally Astrue v. Ratliff*, 560 U.S. 586 (2010) (describing offset authority). Any federal agency with a claim against the debtor may collect the debt by administrative offset, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it. *See* 31 U.S.C. § 3716(a), (c)(6). The United States has submitted evidence showing that the U.S. Attorney of the Northern District of Texas sent Ms. Simmons a notice of offset on October 15, 2009, as required by 31 U.S.C. § 3716(a), and notified the Secretary of the Treasury of Ms. Simmons's outstanding restitution obligation on December 17, 2009, as required by 31 U.S.C. § 3716(c)(6)(A). Dkt. No. 67 ¶ 6. Although Ms. Simmons says she does not recall receiving this notice, she does not otherwise dispute that notice was provided or that her restitution obligation is eligible for the TOP. The parties' settlement agreement specifically contemplates that the settlement amount payable to Ms. Simmons may be subject to offset.

If the offset is valid, then United States has complied with the terms of the settlement

agreement.  The circumstances here resemble those in *United States v. Bailey*, 775 F.3d 980 (8th Cir. 2014).  In *Bailey*, the United States withheld funds from a settlement of a civil action to offset outstanding child support obligations under the TOP.  The Eighth Circuit determined that the United States had fully complied with its obligations under the settlement agreement because "[t]he application of the funds to [plaintiff's] child support obligation resulted in $2,500 financial benefit to him, albeit not the one he seeks in this appeal." *Id.* at 981.  Here, the United States asked the Judgment Fund to issue the settlement payment, and that payment was applied to Ms. Simmons's outstanding restitution obligation, to her benefit.

Ms. Simmons appears to argue that the settlement payment should not be subject to offset because she is not expected to make restitution until after her term of imprisonment.  This argument is more appropriately addressed to the U.S. Attorney of the Northern District of Texas through an administrative challenge directed to that office.  *See, e.g.*, *Peone v. United States*, No. 2:12-CV-00083 KGB, 2020 WL 6047182, at *4 (E.D. Ark. Oct. 13, 2020) (district court concluded it lacked jurisdiction to adjudicate merits of challenge to offset because complainant had not exhausted administrative remedies with creditor agency).  However, that Court observes that Ms. Simmons's argument appears to be inconsistent with the judgment and order in her criminal case.  The judgment provides that restitution is "payable immediately."  Dkt. No. 66-2, Ex. B at 5.  The judgment further provides that "non-payment will not be a violation of [Ms. Simmons's] conditions of supervised release so long as [she] pays as provided in [her] conditions of supervised release." *Id.*  Those conditions provide a payment schedule for making restitution if any part of the restitution amount remains unpaid when Ms. Simmons begins her term of supervised release. *Id.*, Ex. B at 2.  Nevertheless, if Ms. Simmons wishes to argue that her debt to the United States is not yet due and that therefore her settlement payment should not be offset, she must first exhaust her administrative remedies as to that issue.

The Court is sympathetic to the difficulty Ms. Simmons faces in representing herself and performing legal research while under home confinement restrictions.  However, this difficulty does not render the settlement agreement unenforceable or suggest that the United States failed to comply with its terms.

The Court concludes that the United States has fulfilled its obligations under the settlement agreement in so far as it has provided the agreed upon settlement payment in the amount of $2,500 to Ms. Simmons, subject to an offset. The United States acknowledges that Ms. Simmons has the right to challenge the offset and observes that she has taken some steps to do so. Ms. Simmons does not dispute that she must first exhaust administrative remedies with the U.S. Attorney's Office for the Northern District of Texas before seeking relief in district court. *See*, *e.g.*, *United States v. Harrison*, No. 3:94-CR-428-D, 2007 WL 2332662, at *2 (N.D. Tex. Aug. 16, 2007) (holding that restitution debtor challenging the government's ability to collect the debt through offset must present those arguments "to the Department of Justice, not to the court"). Accordingly, Ms. Simmons may not challenge the validity of the offset here in the first instance.

## IV. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss is granted. The action is dismissed without prejudice. If Ms. Simmons wishes to challenge the application of the $2,500 settlement payment to the restitution she owes, she must first exhaust administrative remedies.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: February 26, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge